UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH WOODS,

                              Plaintiff,
                                                          9:21-CV-0662
v.                                                        (GTS/ATB)

MR. CHADWICK, I.LC., Staff Advisor, Washington
Corr. Fac.; and MR. TERRIO, Special Events;
Washington Corr. Fac.,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

JOSEPH WOODS
   Plaintiff, *Pro Se*
54 Lark Drive
Albany, New York 12210

HON. LETITIA A. JAMES                           RACHEL OUIMET, ESQ.
Attorney General for the State of New York      Assistant U.S. Attorney
   Counsel for Defendants
The Capitol
Albany, New York  12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Joseph

Woods ("Plaintiff") against the two above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. §

1983, are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation

recommending that Defendants' motion for summary judgment be granted and that Plaintiff's

Complaint be dismissed, and (2) Plaintiff's Objections to the Report-Recommendation.  (Dkt.

Nos. 30, 32.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Baxter's Report-Recommendation

Generally in his Report-Recommendation, Magistrate Judge Baxter rendered the following two findings of fact and conclusions of law: (1) as a threshold matter, Plaintiff's First Amendment retaliation claim should be dismissed on the merits, because (a) the activity at which the misbehavior report was directed was not the proposed agenda that Plaintiff had submitted to Defendant Chadwick for approval or the facility issues that he had voiced in an ILC-related meeting but the revised agenda that he had circulated to the facility administration without prior approval of the staff advisor, which is not protected activity, and (b) in any event, no admissible record evidence exists from which a rational fact-finder could conclude the misbehavior report was issued based on Plaintiff's engaging in protected activity (as opposed to his violating a facility policy prohibiting him from submitting a proposed agenda directly to the administration without pre-approval); and (2) even setting aside the above-described ground for dismissal, Defendants are protected from liability as a matter of law with regard to Plaintiff's First Amendment retaliation claim based on the doctrine of qualified immunity, because a reasonable fact-finder would necessarily conclude that it was objectively reasonable for Defendants to believe that they were not violating Plaintiff's First Amendment rights by enforcing the facility policy relating to ILC agendas.  (Dkt. No. 30, at Parts III-IV.)

### B.      Plaintiff's Objections to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts four specific arguments for why his First

Amendment retaliation claim should not be dismissed: (1) Defendant Chadwick has not substantiated his assertion that Plaintiff had submitted unapproved agendas to the administration more than once; (2) Defendant Chadwick's declaration reveals that the administration was not holding monthly meetings to address prison-population problems as required, which precludes Plaintiff from being punished for submitted unapproved agendas; (3) the record lacks evidence that Plaintiff ever violated a direct order, or had been issued multiple direct orders; and (4) the ILC Policy relied on by Defendants (requiring pre-approval of agendas) does not apply to Plaintiff, because it predates his arrival at the facility, does not name him, and does not contain his signature.  (Dkt. No. 32.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation:

---

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court adds the following analysis.

To the extent that Plaintiff's Objections assert specific challenges to the Report-Recommendation, the Court finds they merely repeat arguments presented in his response to Defendants' motion for summary judgment. (*Compare* Dkt. No. 32, at Points 2-6, 8, and 9 *with* Dkt. No. 27, Attach. 2, at Point I.)  As a result, the Court finds that the "challenged" portions of the Report-Recommendation warrant only a clear-error review.  *See, supra*, Part II of this Decision and Order.  The Court finds they survive that review.  In any event, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in his response, the Court would find that they survive a *de novo* review.

With respect to Plaintiff's first argument (that Defendant Chadwick has not substantiated his assertion that Plaintiff had submitted unapproved agendas to the administration more than once), the Court finds that Paragraph 22 of Defendant Chadwick's declaration appears to provide such evidence.  (Dkt. No. 25, Attach. 3, at ¶ 22.)

With respect to Plaintiff's second argument (that Defendant Chadwick's declaration reveals that the administration was not holding monthly meetings to address prison-population problems as required), the Court is not persuaded that any such failure to hold monthly meetings (if it were established) would preclude Plaintiff from being able to be punished for submitted unapproved agendas.

With respect to Plaintiff's third argument (that the record lacks evidence that Plaintiff

ever violated a direct order, or had been issued multiple direct orders), the Court finds that it appears undisputed that Plaintiff sustained a disciplinary conviction that was not reversed on appeal; and the issue of whether Plaintiff violated multiple direct orders or only one (for which discipline was warranted) appears to be of little materiality.

Finally, with respect to Plaintiff's fourth argument (that the ILC Policy relied on by Defendants does not apply to Plaintiff, because it predates his arrival at the facility, does not name him, and does not contain his signature), the Court finds that the reasons offered by Plaintiff do not render the ILC policy inapplicable to him.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Baxter's Report-Recommendation (Dkt. No. 30) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 20, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge